IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00492-GPG

THOMAS JAMES LONARDO,

     Plaintiff,

v.

MESA COUNTY DETENTION FACILITY,
SHERIFF MATTHEW LEWIS,
CORRECT CARE SOLUTIONS,
MIKE LAFABRE,
DR. HOLMES,
LT. BRENDA APOLINAR,
CPT. STEVEN FARLOW,
GRACE FARRELL (RN),
CPT ART SMITH,
KAREN TUCKER, (RN),
MARY KAY CALLAHAN (RN),
HEATHER HANREY, and
LT. WADE PACHECO,

     Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

_____

Plaintiff, Thomas James Lonardo, is an inmate at the Mesa County Detention

Facility in Grand Junction, Colorado.  Mr. Lonardo has filed *pro se* a Prisoner Complaint

(ECF No. 1) pursuant to 42 U.S.C. § 1983.  He seeks damages and other relief.

The court must construe the Prisoner Complaint liberally because Mr. Lonardo is

not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be

an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, Mr. Lonardo will be ordered to file an amended complaint if he wishes to pursue

all of his claims in this action.

The Prisoner Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Lonardo asserts six claims for relief in the Prisoner Complaint.  Four of the six claims are Eighth Amendment claims in which Mr. Lonardo contends he has been denied adequate medical treatment with respect to his mental health, chronic pain, a fractured pinky, and itchy skin.  The medical treatment claims are asserted against individual medical services providers at the Mesa County Detention Facility.  Mr. Lonardo also asserts a claim contending he has been overcharged for medical

2

treatment.  This claim does not comply with the pleading requirements of Rule 8 because Mr. Lonardo fails to identify the right allegedly violated as a result of being overcharged and he fails to allege facts that support an arguable constitutional claim. Mr. Lonardo finally claims that his due process rights were violated when he was told not to file additional administrative grievances.  The due process claim lacks merit.  *See Boyd v. Werholtz*, 443 F. App'x 331 (10th Cir. 2011) (affirming dismissal under 28 U.S.C. § 1915A of inmate's claim based on alleged denial of access to prison grievance procedure); *see also Walters v. Corrs. Corp. of Am.*, 119 F. App'x 190, 191 (10th Cir. 2004) (finding that an alleged denial of access to administrative grievance procedure did not result in a constitutional violation).

Mr. Lonardo fails to provide a short and plain statement of whatever claims he may be asserting against the Mesa County Detention Facility, Mesa County Sheriff Matthew Lewis, Correct Care Solutions, and Captain Art Smith.  To the extent Mr. Lonardo may intend to assert a constitutional claim against an individual, he must allege specific facts that demonstrate how that individual personally participated in the asserted constitutional violation.  *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential").  The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).  Furthermore, a defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Although a defendant can be liable in a § 1983 action based

on his supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind.  *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

To the extent Mr. Lonardo may intend to assert a constitutional claim against either the Mesa County Detention Facility, which the court construes as being asserted against Mesa County, or Correct Care Solutions, the entity allegedly responsible for providing health care at the Mesa County Detention Facility, he must allege specific facts that demonstrate he suffered an injury caused by a municipal policy or custom. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010); *see also Rhodes v. Physician Health Partners (PHP)*, 2010 WL 728213 at *5 (D. Colo. Feb. 24, 2010) (stating "[t]he established principles of municipal liability have been found to apply to § 1983 claims brought against private corporations" providing medical care to inmates); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (holding that traditional municipal liability principles apply to claims brought pursuant to 42 U.S.C. § 1983 against private corporations).

In summary, Mr. Lonardo must identify the specific claims he is asserting, the specific factual allegations that support each claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163

4

(10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Finally, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  Accordingly, it is

ORDERED that Mr. Lonardo file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Lonardo shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Lonardo fails to file an amended complaint that complies with this order within the time allowed, the claims that do not comply with the pleading requirements of Rule 8 will be dismissed without further notice.

DATED April 27, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge