IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00492-GPG

THOMAS JAMES LONARDO,

    Plaintiff,

v.

MESA COUNTY DETENTION FACILITY,
SHERIFF MATTHEW LEWIS,
CORRECT CARE SOLUTIONS,
MIKE LEFABRE,
DR. HOLMES,
LT. BRENDA APOLINAR,
CPT. STEVEN FARLOW,
GRACE FARRELL (RN),
CPT ART SMITH,
KAREN TUCKER, (RN),
MARY KAY CALLAHAN (RN),
HEATHER HANREY, and
LT. WADE PACHECO,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE

---

Plaintiff, Thomas James Lonardo, is an inmate at the Mesa County Detention Facility in Grand Junction, Colorado.  Mr. Lonardo initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1).  On April 27, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Lonardo to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Magistrate Judge Gallagher warned Mr. Lonardo that, if he failed to file an amended complaint within thirty days, the claims that do not comply with the pleading requirements of Rule

8 would be dismissed without further notice. Mr. Lonardo has not filed an amended complaint within the time allowed and he has failed to respond in any way to Magistrate Judge Gallagher's April 27 order.

The Court must construe the Prisoner Complaint liberally because Mr. Lonardo is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 1915A, the Court must review the Prisoner Complaint because Mr. Lonardo is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b), the Court is required to dismiss the Prisoner Complaint, or any portion of the Prisoner Complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Prisoner Complaint in part pursuant to § 1915A(b).

Mr. Lonardo asserts six claims for relief in the Prisoner Complaint. Four of the six claims are Eighth Amendment claims in which Mr. Lonardo contends he has been denied adequate medical treatment by individual medical services providers at the Mesa County Detention Facility. More specifically, Mr. Lonardo alleges in claim 1 that Mike Lefabre and Dr. Holmes subjected him to unnecessary pain and suffering by denying him adequate mental health treatment. He alleges in claim 2 that Heather Hanrey and Mike Lefabre denied him adequate medical treatment for his chronic pain disorder. He alleges in claim 3 that Dr. Holmes, Karen Tucker, and Grace Farrell

denied him adequate medical treatment for a fractured pinky from September 8, 2014, through January 27, 2015.  Finally, he alleges in claim 5 that he was denied adequate medical care for itchy skin for three weeks by Heather Hanrey and Karen Tucker.

Mr. Lonardo alleges in claim 4 that he has been overcharged for medical services.  He asserts claim 4 against Mary Kay Callahan and Grace Farrell.  Magistrate Judge Gallagher noted in his order directing Mr. Lonardo to file an amended complaint that claim 4 does not comply with the pleading requirements of Rule 8 because Mr. Lonardo fails to identify the right allegedly violated as a result of being overcharged for medical services and he fails to allege facts that support an arguable constitutional claim.  The Court agrees that Mr. Lonardo fails to allege facts that support an arguable constitutional claim with respect to being overcharged for medical services.  Therefore, claim 4 will be dismissed as legally frivolous.  Because claim 4 is the only claim asserted against Mary Kay Callahan, she will be dismissed as a party to this action.

Mr. Lonardo contends in claim 6 that he was denied due process because he was not allowed to file additional administrative grievances.  He asserts claim 6 against Lt. Brenda Apolinar, Captain Steven Farlow, Lt. Wade Pacheco, and Mike Lefabre.  As Magistrate Judge Gallagher noted, claim 6 lacks merit because there is no constitutional right to file an administrative grievance.  *See Boyd v. Werholtz*, 443 F. App'x 331 (10th Cir. 2011) (affirming dismissal under 28 U.S.C. § 1915A of inmate's claim based on alleged denial of access to prison grievance procedure); *see also Walters v. Corrs. Corp. of Am.*, 119 F. App'x 190, 191 (10th Cir. 2004) (finding that an alleged denial of access to administrative grievance procedure did not result in a constitutional violation).  Therefore, claim 6 also will be dismissed as legally frivolous.  Because claim 6 is the

only claim asserted against Lt. Brenda Apolinar, Captain Steven Farlow, and Lt. Wade Pacheco, they will be dismissed as parties to this action.

Mr. Lonardo does not provide a short and plain statement of whatever claims he may be asserting against the Mesa County Detention Facility, Sheriff Matthew Lewis, Correct Care Solutions, and Captain Art Smith.  Therefore, these Defendants also will be dismissed as parties to this action.

The Court will not address at this time the merits of the Eighth Amendment claims against Mike Lefabre, Dr. Holmes, Grace Farrell, Karen Tucker, and Heather Hanrey.  Instead, the action will be drawn to a presiding judge and, if applicable, to a magistrate judge.  *See* D.C.COLO.LCivR 8.1(c).  Accordingly, it is

ORDERED that claims 4 and 6 in the Prisoner Complaint are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b).  It is

FURTHER ORDERED that the Defendants Mesa County Detention Facility, Sheriff Matthew Lewis, Correct Care Solutions, Lt. Brenda Apolinar, Captain Steven Farlow, Captain Art Smith, Mary Kay Callahan, and Lt. Wade Pacheco are dismissed as parties to this action.  It is

FURTHER ORDERED that this case shall be drawn to a presiding judge and, if applicable, to a magistrate judge.

DATED at Denver, Colorado, this  4th  day of    June        , 2015.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court