IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00492-KLM

THOMAS JAMES LONARDO,

    Plaintiff,

v.

MIKE LEFABRE,
DR. HOLMES,
GRACE FARRELL, RN,
KAREN TUCKER, CRN, and
HEATHER HANREY,

    Defendants.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Compel Responses to Interrogatories and Requests for Production of Documents** [#44][1] (the "Motion to Compel") and on Defendants' **Motion for Extension of Discovery Deadline** [#45] (the "Motion for Extension"). The deadline for Plaintiff, who proceeds as a pro se litigant,[2] to timely respond to the Motion to Compel [#44] has lapsed. *See* D.C.COLO.LCivR 7.1(d).

---

[1] "[#44]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Court must construe the filings of pro se litigants liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

In the Motion to Compel [#44], Defendants assert that they propounded written discovery to Plaintiff on February 3, 2016. *See Ex. A, Def.'s First Set of Written Discovery to Plaintiff Thomas James Lombardo* [#44-1]. The discovery requests included copies of waivers for Plaintiff's medical and incarceration records. *See id.* at 11-16. Plaintiff did not respond in any way to the requests, and on March 14, 2016, in compliance with Fed. R. Civ. P. 37(a)(1), Defendants wrote Plaintiff a letter requesting that he answer the discovery requests and sign the provided waivers. *See Ex. B, Letter to Plaintiff dated 3/14/16* [#44-2]. Plaintiff also failed to respond to the letter. *Motion to Compel* [#44] at 3.

Pursuant to Fed. R. Civ. P. 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents . . . as requested under Rule 34." Here, the written discovery propounded by Defendants consisted of interrogatories under Rule 33 and requests for production under Rule 34. *See Ex. A* [#44-1]. Given Plaintiff's failure to respond to the discovery propounded on him by Defendants on February 3, 2016,

IT IS HEREBY **ORDERED** that the Motion to Compel [#44] is **GRANTED**. Plaintiff shall respond to Defendants' First Set of Written Discovery to Plaintiff Thomas James Lonardo [#44-1] (including Defendants' request for waivers regarding Plaintiff's medical and incarceration records) **no later than May 27, 2016**. **Plaintiff is warned that failure to timely respond will result in sanctions, including the possible dismissal of his case for failure to prosecute and comply with Court orders.**

IT IS FURTHER **ORDERED** that the Motion for Extension [#45] is **GRANTED**. The

discovery deadline is extended to **June 28, 2016**.

IT IS FURTHER **ORDERED** sua sponte that the dispositive motions deadline is extended to **July 28, 2016**.

Dated:  April 27, 2016

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge